MARY E. BAKER, as Administratrix, etc., of JOHN J. BAKER, Deceased, Appellant, v. NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent.

Second Department, April 9, 1920.

**Railroads — negligence — death of employee by high tension electrical current while engaged in interstate commerce — liability of railroad determined by Federal statute — contributory negligence of decedent — failure to screen feed wire — evidence raising question for jury — failure to prove custom to protect such wires.**

Where an anchor bridge carrying high tension electric wires was maintained by a railroad as an instrumentality of interstate commerce, the railroad's liability for the death of an employee caused by the current must be enforced under the Federal law.

The decedent's contributory negligence does not bar an action under the Federal Employers' Liability Act if the defendant were negligent, but affects only the measure of damages.

Where in such action it appears that the decedent in the course of his employment was on a bridge which sustained high tension trolley wires and was killed by coming in contact with an unprotected feed wire so located that one on the bridge might, through momentary inattention or carelessness, come in contact therewith, it cannot be held as a matter of law that the defendant was not negligent, that question being for the jury.

It was not necessary for the plaintiff to show in order to recover that other railroad companies made a practice of screening such feed wires where it appears that such evidence might be difficult to adduce because the defendant's system is not in general use.

APPEAL by the plaintiff, Mary E. Baker, as administratrix, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 24th day of November, 1913, upon the verdict of a jury rendered by direction of the court at the close of the case, and also from an order entered in said clerk's office on the 3d day of February, 1914, denying plaintiff's motion for a new trial made upon the minutes.

The action was brought to recover damages for the death of plaintiff's intestate through the negligence, as alleged, of the defendant, his master.

*William Adams Robinson,* for the appellant.

*Charles M. Sheafe, Jr.,* for the respondent.

PER CURIAM:

As decedent's work as lineman on defendant's anchor bridge, which spans its main line, was on an instrumentality of interstate commerce, defendant's liability, if any, must be sought under the Federal Employers' Liability Act (35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143). (*New York Central R. R. Co.* v. *Winfield,* 244 U. S. 147.) The question is whether the evidence sustains a finding that defendant was negligent; for, in case the defendant was negligent, the decedent's contributory negligence does not bar the action, but affects the measure of damages only.

The decedent was killed by a feed wire, charged with a deadly current of electricity, coming in contact with the bridge of his nose, as conceded on the trial by defendant's counsel. Pursuant to the needs of his employment, he was on a bridge which sustained the trolley wires, and the wire that caused his death was a feed wire carrying to the trolley wires the current which supplied the power to move the trains. Another feed wire beneath the top bridge was screened, but the wire from which the decedent received the charge was unprotected and so located that one standing on the bridge might, through momentary inattention, stumbling or even carelessness, come in contact with it; and such contact meant death.

The defendant owed to its employees the duty to use due care to safeguard them and to furnish them a reasonably safe place to work. The duty was owing to the decedent when he went upon the bridge in due course of his work. It cannot be said as matter of law that the duty was discharged. This presents a question of fact for the jury. The Federal law does not prescribe the manner in which the duty shall be performed, whether by screening the wire or by so locating it that employees in the performance of their duty will not come into contact with it. The evidence did not show that screening was impracticable, nor that the wire could not have been so located that it would not come in contact with employees walking upon the platform. Although plaintiff did not show a practice of other lines to screen feed wires near such overhead bridges — which evidence might be difficult to adduce because defendant's system is not in general use — still the evidence raised a question of fact whether the exercise of due

care did not require that some precaution should have been taken to minimize the danger to employees from this unprotected wire, contact with which was death.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Judgment and order reversed and new trial granted, with costs to abide the event.